

# NUMBERS 13-19-00569-CR & 13-19-00607-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MATEO FABIAN GOMEZ GARZA,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Silva**

In appellate cause number 13-19-00569-CR, appellant Mateo Fabian Gomez Garza appeals his conviction for murder, a first-degree felony offense, and in appellate cause number 13-19-00607-CR, appellant appeals his conviction for aggravated assault, a second-degree felony offense. *See* TEX. PENAL CODE ANN. §§ 19.02, 22.02. In appellate cause number 13-19-00569-CR, appellant entered an open plea of guilty. The trial court

accepted appellant's open plea to murder and sentenced him to sixty-five years' confinement. In appellate cause number 13-19-00607-CR, appellant pleaded "true" to violating his post-conviction community supervision. The trial court revoked appellant's community supervision and sentenced him to ten years' confinement for the aggravated assault charge. The sentences will run concurrently. Appellant's court-appointed attorney has filed an *Anders* brief in both causes. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the judgments in both causes.

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed *Anders* briefs and motions to withdraw in both causes with this Court, stating that his review of the records yielded no grounds of reversible error upon which appeals can be predicated. *See id.* Counsel's briefs meet the requirements of *Anders* as they present professional evaluations demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no

reversible error in the trial court's judgments. Appellant's counsel has also informed this Court that, in both causes, appellant has been: (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of both pleadings; (3) informed of his rights to file pro se responses, review the records preparatory to filing those responses, and seek discretionary review if we conclude that the appeals are frivolous; and (4) provided with a form motion for pro se access to the appellate record with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has filed a pro se response in both causes.

When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices:

> [i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (internal citations omitted). We are "not required to review the merits of each claim raised in an *Anders* brief or a pro se response." *Id.* at 827. Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* If we determine that there are such arguable grounds, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of meaningful assistance of counsel. *Id.*

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in both causes, counsel's briefs, and appellant's pro se responses, and we have found nothing that would arguably support an appeal in either cause. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

### III.    MOTIONS TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in both causes. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motions to withdraw in both causes. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review in both causes.[1]

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

*See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.  Conclusion

We affirm the trial court's judgments in appellate cause numbers 13-19-00569-CR and 13-19-00607-CR.

CLARISSA SILVA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
14th day of April, 2022.